By the Court.—Van Vorst, J.
The owners of the equity of redemption, should, without doubt, be made parties to the action, otherwise they are not affected by the judgment (Read v. Marsh, 10 Paige, 410). Not only is the owner of the equity of redemption a necessary party, but all subsequent incumbrancers existing at the commencement of the suit are such (Moak's Van Santvoord’s Pleadings, 131).
The right of redemption exists in favor of every person who has an interest in, or a legal or equitable lien upon the land (Kent's Com. vol. 4, 162).
The interest, if any, of Barnes and Hopper, in the mortgaged premises, is created by the instrument in writing, dated on the 15th day of May, 1873, after the execution of the mortgage, a copy of which is among the papers handed to the court, on this appeal.
*351 The instrument, which has never been recorded, is a declaration, signed by Hopper and Barnes only. It does not purport to be, and is not in fact executed by Maria L. Daly, in whom the legal title to the property vests, and who with her husband executed the mortgage for a part of the purchase money. The instrument recites that Maria L. Daly, George F. Hopper and William J. Barnes, have conjointly purchased the land in question, declares that the deed of the property is held by the grantee for herself, and in trust for Hopper and Barnes, and provides that if Hopper and Barnes shall fail to pay their proportional part of interest accruing upon the bond and mortgage, when the same shall become payable, then their right and interest shall cease. The concluding part is, ‘‘ witness the hands and seals of said Hopper and Barnes, the day and year first above written.”
Barnes and Hopper could not by the execution of the instrument in question create in themselves an interest in or lien upon the lands or constitute the grantee, a trustee for them. It would require the consent of the grantee to be evidenced by an instrument in writing executed by her. She should have either joined in this instrument by executing it, or a similar paper. Courts of equity hold that a part performance of a parol agreement is sufficient to take a case out of the statute of frauds, upon the ground that a party who has permitted another to perform acts, on the faith of an agreement, shall not be allowed to insist that the agreement is invalid because it was not in writing.
In Lowry v. Tew (3 Barb. Ch'y. 408), it was held that “ talcing possession under a parol agreement, and in compliance with the provisions of such agreement, accompanied by other acts, which cannot be recalled, has always been held to take such agreement out of the statute of frauds.” A party going into possession, *352 under a parol agreement with the owner of the land to sell and convey to him, which has been so far consummated as to entitle him to a specific performance, is considered the owner of the title for which he has contracted.
But there is nothing in the papers which tends to show either that Barnes and Hopper have gone into possession, or that they have discharged any obligation imposed upon them by ihe terms of the declaration signed by them.
At the time of the commencement of the action for the foreclosure of the mortgage, Mrs. Maria L. Daly, was the owner of the equity of redemption, and neither Barnes nor Hopper, from anything which appears, had any estate or interest in, or lien upon the mortgaged premises, and were not necessary parties to the action.
The order appealed from is affirmed with costs.
Curtis, J., concurred.